slack, and permitting the fall of the elevator upon the removal of the obstruction which had caused it to stick, and that reasonable care on the part of the foreman in charge of the work required him to ascertain in advance whether there was slack in the cable, and his failure to do so was negligence.

3. Master .and servant, § 248*—*when foreman a vice-principal.* In an action by an employee for personal injuries caused by the fall of an elevator which had become jammed while plaintiff and other employees were endeavoring to free it, the failure of the foreman in charge of the work to ascertain in advance whether there was any slack in the cable suspending the elevator which would permit it to fall upon the removal of the obstruction causing it to jam, *held* the act of a vice-principal for which defendant was liable.

---

Vincent Sotek et al., Appellees, v. Antonia Sotek et al., Appellants, impleaded with Michael Snyder et al., Defendants.

## Gen. No. 20,348.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. Charles M. Foell, Judge, presiding. Heard in this court at the March term. 1914. Appeal from order of November 24, 1913, dismissed. Decree entered September 29, 1913, affirmed. Opinion filed April 26, 1915.

## Statement of the Case.

Action by Vincent, Anton and Elizabeth Sotek, against Antonia Sotek, Josephine Howard and Jennie Snyder, impleaded with Michael Snyder, Mary Slama, Max W. and Ottillie Kujawski, Kate Sotek and Tillie Habel, in the Superior Court of Cook County. This cause was before the Supreme Court on appeal of Antonia Sotek and two other defendants in 1911. The Supreme Court held that Antonia Sotek had not aban-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

doned her homestead in the premises in question, and reversed and remanded the cause. See 253 Ill. 302. May 27, 1912, an amended bill and an answer by Antonia Sotek and her daughters, Josephine and Jennie, were filed and a decree entered. By the decree Antonia Sotek was adjudged a homestead in the premises; the rights of the parties in the property were declared, partition ordered and commissioners appointed to make partition. The commissioners reported that partition could not be made, and a decretal order was entered directing the master to sell the real estate and divide the proceeds among the parties entitled thereto; and out of the proceeds to pay Antonia Sotek the value of her homestead, fixed at $1,000. It was also adjudged that she had received rents and profits of the premises and expended money thereon for taxes, repairs and other expenses; and the cause was referred to the master in chancery to take an account of the receipts and expenditures of Antonia Sotek from and on account of said real estate. January 28, 1887, her widow's award was appraised at $1,805, and the appraisal was approved by the Probate Court. In the accounting she claimed credit for her widow's award with the interest thereon.

Whether Antonia Sotek was entitled to be allowed in the accounting the amount of her widow's award appears to be the only question in controversy on this appeal.

October 6, 1897, the Probate Court approved the final account of the executor of Anton Sotek, and ordered that because more than ten years had elapsed since the award of Antonia Sotek, his widow, had been so set off in said estate, and no claim had been made by her for the payment of such award, that such widow's award be and the same is hereby released to this estate. The master found that the Probate Court had no jurisdiction to release and satisfy the award, but also found that her claim to such award

was barred by laches. The master found that there was a balance due from the widow, Antonia Sotek, on the accounting of $2,675.42. The report was approved September 29, 1913, and the decree approving the report permits deductions by Antonia Sotek of her own distributive shares of both the proceeds of the real estate and of the balance for rents, and found that she owes net $2,389.62, and orders that she pay that sum to the master in chancery for distribution by him to the parties entitled thereto.

The master sold the premises and his report of such sale approved. November 24, 1913, an order was entered that the master distribute the proceeds of the sale as declared in and by the decree of May 27, 1912. From this decree Antonia Sotek and her daughters, Josephine and Jennie, appealed. This court treated the appeal as an appeal from the decree of September 29, 1913, and affirmed that decree.

OTTO L. STEISKAL, for appellants; LEWIS EDWARD DICKINSON, of counsel.

SIMON P. GARY, for appellees; MICHAEL LYONS, of counsel.

MR. JUSTICE BAKER delivered the opinion of the court.

### Abstract of the Decision.

EXECUTORS AND ADMINISTRATORS, § 186*—*when laches bars right to subject realty to payment of award.* Right of widow to subject real estate to the payment of her award *held* barred by laches, where no steps were taken by her to that end for twenty-five years after her award was appraised by the Probate Court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.